IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ZACHARY KNOTTS,

            Plaintiff,

v.                                        CIVIL ACTION NO.  2:21-cv-00176

JOLYNN MARRA, et al.,

            Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Before this Court are the motions to dismiss filed by Defendants John D. Justice ("Justice")[1] (ECF No. 9); Bill Crouch ("Crouch"), John Lopez ("Lopez"), Jolynn Marra ("Marra"), Christina Mullins ("Mullins"), Patrick Ryan ("Ryan"), and John Snyder ("Snyder") (ECF No. 12); Susanne Choby ("Choby")[2] (ECF No. 16); Patrick Morrisey ("Morrisey") (ECF No. 21); WVU Medicine Litigating Council Members Jane and John Doe 1 to 10 ("WVU Medicine Litigating Council Members") (ECF No. 26); Mark Spangler ("Spangler"), Leslie Thornton ("Thornton"), and Evan Jenkins ("Jenkins") (ECF No. 29); and Fairmont Federal Credit Union ("FFCU") (ECF No. 33). For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that

---

[1] Justice is listed twice in the case caption of the Amended Complaint, but this appears to be a typographical error rather than a reference to two separate individuals. (ECF No. 5 at 1.)
[2] It appears that the correct spelling of Choby's first name is "Susanne," not "Susan," as it is listed in the case caption of the Amended Complaint. (ECF No. 5 at 1.)

the motions (ECF Nos. 9, 12, 16, 21, 26, 29, 33) be **GRANTED** and Plaintiff Zachary Knotts's ("Plaintiff") claims against Justice, Crouch, Lopez, Marra, Mullins, Ryan, Snyder, Choby, Morrisey, WVU Medicine Litigating Council Members, Spangler, Thornton, Jenkins, and FFCU be **DISMISSED**. It is further **RECOMMENDED** that Plaintiff's claims against Defendants Craig Blair ("Blair") and Roger Hanshaw ("Hanshaw") be **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff failed to serve them with the summons and complaint.

## I. BACKGROUND

Plaintiff purports to bring this action[3] pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. (ECF No. 5 at 2.) His protracted Amended Complaint also mentions healthcare fraud, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, at various points throughout. (*See generally* ECF No. 5.)

Plaintiff's allegations, while somewhat rambling and nonsensical, appear to stem from his involuntary hospitalization at William R. Sharpe, Jr. Hospital ("Sharpe Hospital"), a state-operated psychiatric facility located in Weston, West Virginia, and another neuropsychiatric inpatient facility located in Ashland, Kentucky, between 2011 and 2014. (*Id.*) It seems that pursuant to a forensic psychiatric evaluation performed by Choby, a psychiatrist then employed at West Virginia University ("WVU"), Plaintiff was found not competent to stand trial on state criminal charges arising out of a 2010

---

3 Several of the motions to dismiss assert that because Plaintiff was found not competent to stand trial in 2011, he does not have the capacity to bring this action on his own behalf. (ECF No. 13 at 8–9; ECF No. 22 at 13; ECF No. 30 at 15; ECF No. 34 at 7.) But there is no document presently before this Court to indicate that Plaintiff is currently incapacitated or is represented by a legal guardian. Accordingly, for purposes of ruling on the motions to dismiss, the undersigned has assumed that Plaintiff has the capacity to bring suit on his own behalf.

incident and was ordered detained at Sharpe Hospital. (*Id.*) Plaintiff appears to assert that Choby's findings were incorrect and his detention was unlawful, and he claims that the charges for his hospitalization constitute healthcare fraud. (*Id.*) He also seems to allege that Jenkins, the Chief Justice of the Supreme Court of Appeals of West Virginia ("SCAWV"), and Morrisey, the Attorney General of West Virginia, along with unnamed WVU Medicine Litigating Council Members, acted unlawfully while Plaintiff was litigating a proceeding before the SCAWV. (*Id.*)

Justice filed his motion to dismiss on July 9, 2021. (ECF No. 9.) Plaintiff timely responded (ECF No. 39), and Justice timely replied (ECF No. 47). Crouch, Lopez, Marra, Mullins, Ryan, and Snyder filed their motion to dismiss on July 16, 2021. (ECF No. 12.) Plaintiff timely responded (ECF No. 42), and Crouch, Lopez, Marra, Mullins, Ryan, and Snyder timely replied (ECF No. 46). Choby filed her motion to dismiss on July 21, 2021. (ECF No. 16). Plaintiff timely responded (ECF No. 43), and Choby timely replied (ECF No. 48). As such, these motions are fully briefed and ready for resolution.

Morrisey filed his motion to dismiss on July 22, 2021. (ECF No. 21.) WVU Medicine Litigating Council Members filed their motion to dismiss on July 27, 2021. (ECF No. 26.) Spangler, Thornton, and Jenkins also filed their motion to dismiss on July 27, 2021. (ECF No. 29). FFCU filed its motion to dismiss on July 27, 2021. (ECF No. 33.) Despite twice asking for—and being granted—extensions of time to respond to these motions and being advised that a failure to respond could constitute abandonment of his claims (ECF Nos. 24, 25, 28, 35, 40, 45), to date, Plaintiff has not responded to these motions to dismiss. Because Plaintiff proceeds pro se, the undersigned has nonetheless addressed the merits of the motions to dismiss, rather than deeming Plaintiff's claims abandoned.

## II. LEGAL STANDARD

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.*

"[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. ANALYSIS

*A. Plaintiff failed to effect service of process on Blair and Hanshaw.*

On March 19, 2021, Plaintiff filed his Complaint in this matter and paid the applicable filing fee. (ECF Nos. 1, 2.) Because he did not submit proposed summonses for issuance by the Clerk, the undersigned entered a Notice of Obligation to Effect Service of Complaint informing Plaintiff of his obligation to submit proposed summonses and serve the complaint and warning him "that his failure to timely effect service of the summonses and complaint will result in the undersigned's recommendation that this action be dismissed pursuant to [Federal Rule of Civil Procedure] 4(m)." (ECF No. 4.) Plaintiff filed an Amended Complaint on April 12, 2021 (ECF No. 5), and he submitted proposed summonses on April 16, 2021 (ECF No. 6). The Clerk issued the summonses on April 20, 2021. (ECF No. 7.)

On August 6, 2021, the undersigned entered a Notice of Failure to Make Service Within 90 Days, which advised Plaintiff that this action would be dismissed pursuant to Rule 4(m) unless he showed good cause for his failure to timely serve the complaint on Blair and Hanshaw within ten days of the date of the Notice. (ECF No. 38.) Plaintiff did not respond to the Notice, nor did he file proof of service with this Court as required by Federal Rule of Civil Procedure 4(l). Accordingly, the undersigned respectfully

**RECOMMENDS** that the presiding District Judge **DISMISS** Plaintiff's claims against Blair and Hanshaw pursuant to Rule 4(m) for failure to timely serve process.

> B. *Plaintiff's Amended Complaint includes no specific allegations relating to Marra, Crouch, Lopez, Ryan, Snyder, Justice, Thornton, Spangler, Mullins, or FFCU.*

Among other arguments, Marra, Crouch, Lopez, Ryan, Snyder, Justice, Thornton, Spangler, and FFCU argue that Plaintiff's claims against them should be dismissed because he has failed to make any specific allegations against them in his Amended Complaint. (ECF No. 13 at 7–8; ECF No. 30 at 13–15; ECF No. 34 at 6–7; ECF No. 36 at 6–7.) Indeed, the Amended Complaint mentions them only in the caption, and it is devoid of allegations about their conduct and how it constitutes a violation of the various causes of action Plaintiff purports to bring. (ECF No. 5.) "This deficiency alone necessitates dismissal" of Plaintiff's claims against them. *Broadnax v. United States*, No. 3:15-cv-02460, 2015 WL 9074637, at *5 (S.D.W. Va. Nov. 20, 2015), *adopted by* 2015 WL 9008947 (S.D.W. Va. Dec. 15, 2015). As such, the undersigned respectfully **RECOMMENDS** that the motions to dismiss filed by Justice (ECF No. 9); Crouch, Lopez, Marra, Mullins, Ryan, and Snyder (ECF No. 12); Spangler and Thornton (ECF No. 29); and FFCU (ECF No. 33) be **GRANTED** and Plaintiff's claims against them **DISMISSED**.

> C. *Plaintiff has not established a cause of action against Jenkins, Morrisey, WVU Medicine Litigating Council Members, or Choby.*

Although the Amended Complaint includes vague allegations about Jenkins, Morrisey, WVU Medicine Litigating Council Members, and Choby, those allegations are not sufficient to state a claim against them.

6

Turning first to Jenkins, among other arguments he makes in his motion to dismiss, he contends that he is entitled to absolute judicial immunity as to Plaintiff's claims against him. (ECF No. 30 at 10–12.) A judicial officer is absolutely immune from suit for judicial acts performed within his jurisdiction. *King v. Myers*, 973 F.2d 354, 356–57 (4th Cir. 1992). Plaintiff's sparse allegations against Jenkins seem to allege a RICO claim against him based on his involvement in an unfavorable decision in an appeal Plaintiff filed in the SCAWV. (ECF No. 5 at 9, 15.) "Where state supreme court justices hear an appeal from a lower court's . . . decision, they are performing a 'traditional adjudicative task'" within their jurisdiction. *Rodriguez v. Doe*, 549 F. App'x 141, 145 (4th Cir. 2013) (per curiam). Therefore, the undersigned respectfully **RECOMMENDS** that Jenkins's motion to dismiss (ECF No. 29) be **GRANTED** and Plaintiff's claims against him **DISMISSED**.

Morrisey asserts, among other arguments for dismissal, that Plaintiff's Amended Complaint fails to state a claim against him. (ECF No. 22 at 12–13.) Morrisey is mentioned only three times in the Amended Complaint, and only one of those allegations sets forth any purported conduct on his part: Plaintiff avers, "WV AG forged AIG ins papers he said I have to go to federal court." (ECF No. 5 at 22; *see id.* at 6, 15.) But the Amended Complaint does not specify the legal basis for any claim against Morrisey arising from that allegation, and it does not appear to fit within any of the federal statutes or constitutional provisions Plaintiff references. As such, Plaintiff has not alleged a plausible claim against Morrisey, and the undersigned respectfully **RECOMMENDS** that Morrisey's motion to dismiss (ECF No. 21) be **GRANTED** and Plaintiff's claims against him **DISMISSED**.

WVU Medicine Litigating Council Members likewise argue that the Amended Complaint does not allege a cause of action against them. (ECF No. 27 at 4–7.) Plaintiff avers that WVU Medicine Litigating Council Members had him arrested on multiple occasions and worked with other individuals "against [him]." (ECF No. 5 at 7, 19.) But these allegations are not sufficient to allege 42 U.S.C. § 1983 claims for false arrest or imprisonment, malicious prosecution, or conspiracy. A § 1983 false arrest or false imprisonment claim is essentially an allegation of unlawful seizure—that is, arrest without probable cause. *Gray v. Unidentified Metro Transit Police Officers 1, 2, 3*, No. DKC 14-2939, 2017 WL 528429, at *4 (D. Md. Feb. 9, 2017); *see Brooks v. Dunlap*, No. 6:18-cv-00632-MBS-KFM, 2019 WL 1146687, at *11 (D.S.C. Mar. 13, 2019). The Amended Complaint does not even allege generally that Plaintiff was arrested without probable cause, let alone provide specific factual details about the lack thereof. A § 1983 malicious prosecution claim has the additional element "that the prior proceeding terminate favorably to the plaintiff." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) (citing *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)). These allegations are likewise absent from the Amended Complaint. And to establish a § 1983 civil conspiracy claim, a plaintiff must plead facts showing that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). The Amended Complaint's scant allegations about WVU Medicine Litigating Council Members fail to plead these elements. As such, the undersigned respectfully **RECOMMENDS** that their motion to dismiss (ECF No. 26) be **GRANTED** and Plaintiff's claims against them **DISMISSED**.

Plaintiff's claims against Choby derive from the forensic psychiatric examination she performed in connection with his criminal proceedings. (ECF No. 5 at 15, 23, 62–68.)[4] Among other arguments in favor of dismissal, Choby contends that these claims are barred by the statute of limitations. (ECF No. 17 at 9–10.) Although the legal basis for Plaintiff's claims against Choby is not readily apparent from the Amended Complaint, RICO has the longest limitations period of any of the causes of action mentioned. "The statute of limitations on private civil RICO claims is four years, beginning on the date the plaintiff 'discovered, or should have discovered, the injury.'" *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) (quoting *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001)). The Amended Complaint demonstrates that Choby prepared her competency evaluation report on June 9, 2011, and it was submitted to the state court on June 14, 2011. (ECF No. 5 at 62–68.) Plaintiff surely should have known of Choby's alleged unlawful conduct by the time the report was submitted to the state court in his criminal proceeding. And even assuming that the statute of limitation was tolled during the time of his hospitalization while he was deemed not competent to stand trial, the Amended Complaint reflects that he completed his hospitalization on or before May 27, 2014. (*Id.* at 27.) As the undersigned has already stated, nothing before this Court indicates that Plaintiff is presently incapacitated or has been incapacitated in the interim.

---

4 Choby is entitled to quasi-judicial immunity for Plaintiff's claims against her. *Harden v. Green*, 27 F. App'x 173, 177 (4th Cir. 2001) (per curiam) ("[C]ourt-appointed psychiatrists are entitled to absolute judicial and witness immunity for their conduct in completing competency exams and furnishing written reports." (citing *Hughes v. Long*, 242 F.3d 121, 127–28 (3d Cir. 2001))). However, quasi-judicial immunity is an affirmative defense that Choby did not raise in her motion to dismiss. *See Gant v. U.S. Probation Office*, 994 F. Supp. 729, 733 (S.D.W. Va. 1998). The undersigned has therefore not recommended dismissal of Plaintiff's claims against Choby on this basis.

Moreover, Plaintiff does not argue that the limitations period should be tolled due to his incapacity; rather, he contends that he did not discover his injury until he was unable to obtain a recording of Choby's interview in 2019. (ECF No. 43 at 6.) But Plaintiff never alleges that Choby is responsible for preserving the recording, and his failure to obtain it does not detract from the Amended Complaint's emphasis on Choby's purportedly incorrect opinion that Plaintiff was not competent to stand trial, which appears to be the focus of his claims against her. Again, her report was submitted to the state court on June 14, 2011. Even assuming that the limitations period for any claim arising out of that report was tolled until May 27, 2014, Plaintiff still should have brought those claims within, at the latest, four years of that date. But he did not file this action until March 19, 2021—almost three years too late. His claims against Choby are thus untimely. Accordingly, the undersigned respectfully **RECOMMENDS** that Choby's motion to dismiss (ECF No. 16) be **GRANTED** and Plaintiff's claims against her **DISMISSED**.

## IV. RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that the motions (ECF Nos. 9, 12, 16, 21, 26, 29, 33) be **GRANTED** and Plaintiff's claims against Justice, Crouch, Lopez, Marra, Mullins, Ryan, Snyder, Choby, Morrisey, WVU Medicine Litigating Council Members, Spangler, Thornton, Jenkins, and FFCU be **DISMISSED**. It is further **RECOMMENDED** that Plaintiff's claims against Blair and Hanshaw be **DISMISSED** pursuant to Rule 4(m) because Plaintiff failed to serve them with the summons and complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief

United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER: October 13, 2021

Dwane L. Tinsley
United States Magistrate Judge