**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ZACHARY KNOTTS,

               Plaintiff,

v.                                CIVIL ACTION NO.   2:21-cv-00176

JOLYNN MARRA, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are pro se Plaintiff Zachary Knotts's ("Plaintiff") Motion to Change Venue, (ECF No. 58); the Proposed Findings and Recommendations ("PF&R"), (ECF No. 52); and Plaintiff's Objections to the PF&R, (ECF No. 66).   For the reasons more fully explained below, Plaintiff's Motion to Change Venue, (ECF No. 58), is **DENIED**; Plaintiff's Objections to the PF&R, (ECF No. 66), are **OVERRULED**; the PF&R, (ECF No. 52), is **ADOPTED IN PART**, **REJECTED IN PART**, and **MODIFIED IN PART**, as detailed below; the Defendants' various motions to dismiss, (ECF Nos. 9, 12, 16, 21, 29, 33), are **GRANTED**; and Plaintiff's Amended Complaint, (ECF No. 5), is **DISMISSED**.

*I.   BACKGROUND*

A detailed recitation of Plaintiff's allegations can be found in the PF&R and thus need not be repeated here.   The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

Plaintiff filed his complaint in this Court on March 19, 2021.  (ECF No. 1.)  By Standing Order on January 4, 2016, and entered in this case on March 22, 2021, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for the Findings of Fact and Recommendations for Disposition.  (ECF No. 3.)  On April 12, 2021, before any summons had issued, Plaintiff filed his Amended Complaint.  (ECF No. 5.)

On October 13, 2021, Magistrate Judge Tinsley submitted his PF&R, which recommends the dismissal of Plaintiff's Amended Complaint.  (ECF No. 52.)  Specifically, the PF&R recommends dismissing the Amended Complaint because Plaintiff failed to effect service of process on Defendants Craig Blair ("Blair") and Roger Hanshaw ("Hanshaw"); Plaintiff failed to allege anything specific against Defendants Jolynn Mara ("Mara"), Bill Crouch ("Crouch"), John Lopez ("Lopez"), Patrick Ryan ("Ryan"), John Snyder ("Snyder"), John D. Justice ("Justice"), Leslie Thornton ("Thornton"), Mark Spangler ("Spangler"), and Fairmont Federal Credit Union ("FFCU"); and because Plaintiff has not established a cause of action against Defendants Evan Jenkins ("Jenkins"), Patrick Morrisey ("Morrisey"), WVU Medicine Litigating Council Members Jane and John Doe 1 to 10 ("WVU Medicine Litigating Council Members"), or Susanne Choby ("Choby").  (ECF No. 52.)  Plaintiff thereafter requested and received two extensions to file his objections to the PF&R, which he timely submitted on January 14, 2022.  (ECF No. 66.)  Plaintiff then filed his Amended Objections on January 18.  (ECF No. 67.)  Plaintiff additionally filed an "Emergent [*sic*] Letter-Form Motion for an Expedited Ruling [1]" and "Additional Documentation" to his Amended Objections on January 25, 2022.  (ECF Nos. 68, 69.)

---

[1] Plaintiff's Motion for an Expedited Ruling shall be, and hereby is, **DENIED AS MOOT**.  Rather than offer any reason that would warrant an expedited ruling, Plaintiff merely repeats his arguments as to his Motion to Change Venue.  (*Compare* ECF No. 68 *with* ECF No. 58.)

## II.   LEGAL STANDARD

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.   DISCUSSION

### A.  Motion to Change Venue/Recusal

The Court begins its analysis with Plaintiff's Motion to Change Venue, (ECF No. 58), and his Supplemental Motion/Addamendament [*sic*], (ECF No. 63).   The gist of Plaintiff's motion is that this Court is biased because of its physical location in West Virginia, as "it is not fair to sue a state gov [*sic*] within its own state."   (ECF No. 58 at 3.)   Plaintiff also seems to seek the recusal of the undersigned, as the undersigned "may have attended WVU law school," "might go to WVU Meds [*sic*] for health care," or even "may have voted for some of the politics in my case," among other reasons all relating to the undersigned's location in West Virginia.   (*Id.*)   Plaintiff asserts

that the standard for recusal is "to avoid the possibility [*sic*] of the apearance [*sic*] of impropriety." (ECF No. 63 at 1.)   Plaintiff continues and seemingly implies that the bias is apparent as the "state of WV prosecutor real close to U.S. court [*sic*]."   (*Id.* at 2.)   While Plaintiff's motion and arguments are difficult to understand, he is apparently arguing that the Court is biased against him because of the possibility of relationships with various individuals and entities within the state of West Virginia, which he maintains he is suing.

Title 28 U.S.C. § 455 governs the disqualification of a justice, judge, or magistrate judge. Among a list of enumerated reasons for disqualification, mainly concerning fiduciaries, financial interests, or conflict of interests, this section mandates the recusal of a judge "in any proceeding in which his impartiality might reasonably be questioned."   28 U.S.C, § 455(a).   Plaintiff has not identified any of the enumerated reasons for recusal, instead focusing on the impartiality standard.

Under this standard, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality."   *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987).   "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial."   *Id.*   "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised[.]"   *Cheney v. United States District Court for Dist. of Columbia*, 541 U.S. 913, 914 (2004) (Scalia, J.).

Here, Plaintiff's argument fails to rise above the level of speculation.   Where interests are "remote, contingent, or speculative," they are not the type of interests that would reasonably call into question a judge's impartiality.   *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2nd Cir. 1988).   *See also Beard*, 811 F.2d at 828; *TV Communications Netowrk, Inc. v.*

*ESPN, Inc.*, 767 F.Supp. 1077, 1079 (D. Col. 1991) ("Mere allegations of a social relationship between a judge and a litigant in his court are not sufficient grounds for disqualification.") "[W]hen a judge presides in an area where he and his family have lived for one or more generations, the number of people who have, directly or indirectly, helped family members, relatives, close friends, and friends of friends would form a large and indeterminate community[.]" *In re A.H. Robins Co., Inc.,* No. 85–01307–R, slip op. at 24 (E.D. Va. March 14, 1986), (citing *In re United States,* 666 F.2d 690, 697 (1st Cir. 1981)).   "A judge need not recuse on unsupported, irrational, or highly tenuous speculations and should ignore rumors, innuendos, and erroneous information."   *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987).   Plaintiff's at times irrational allegations are not based in fact, but are instead highly speculative, and therefore recusal of the undersigned is not warranted.

While Plaintiff's assertions appear to argue more in favor of recusal than a change of venue, the Court shall nonetheless address his complaints about the location of his action.   Venue, of course, refers to the geographical location where a civil action may be properly brought.   A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."   28 U.S.C. § 1391(b)(1).   A civil action may also be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."   *Id.* at 1391(b)(2).   The Court notes that each Defendant here is a West Virginia resident, and that Plaintiff has alleged a rather wide-ranging conspiracy involving healthcare fraud, human trafficking, and state government actors, all of which allegedly arose in the state of West Virginia.   The Court further notes that Plaintiff himself filed the instant action in this district, but he is now the one challenging his own selection of venue.   Finally, based

5

on Plaintiff's allegations, it is readily apparent that this action could not have been brought in any federal district court outside of West Virginia.  Because each Defendant is a West Virginia resident, the complained-of events all occurred in West Virginia, and Plaintiff himself initiated this action in this district, venue is proper.  *See id.* at § 1391(b).

Therefore, and for the foregoing reasons, Plaintiff's Motion to Change Venue, (ECF No. 58), and his Supplemental Motion/Addamendament [*sic*], (ECF No. 63), are hereby **DENIED**.

## B.  *Plaintiff's Objections to the PF&R*

The Court next turns to Plaintiff's Amended Objections to the PF&R.  (ECF No. 67.)  Again, Plaintiff's filing is somewhat difficult to understand.  Nonetheless, the Court shall endeavor to address each in turn.

### 1.  *Objection to Hanshaw and Blair*

Plaintiff first objects to the PF&R's recommendation to dismiss Blair and Hanshaw because of a failure to effectuate service of process.  (ECF No. 67 at 1.)  Plaintiff asserts that Blair and Hanshaw were served, with the proof of service docketed at ECF Nos. 59 and 60.  (*Id.*)

Plaintiff is indeed correct that the summonses were returned executed on December 15, 2021,[2] and reflected a date of service on June 28, 2021.  (ECF Nos. 59, 60.)  For that reason, the Court **REJECTS** the PF&R's recommendation and findings as they relate to the service of Blair and Hanshaw.  The Court notes that neither Blair nor Hanshaw has yet made an appearance in this matter.

---

[2] Service was to be made by July 11, 2021, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.  As evidenced, proof of service was not produced until nearly six months after service had been completed.  Notably, the Magistrate Judge ordered Plaintiff on August 6, 2021, to show cause within 14 days as to why service had not yet been accomplished.  (ECF No. 38.)  While service may have been completed at that time, Plaintiff failed to respond to this order.

Under a *de novo* review, however, this conclusion does not save Plaintiff's complaint. Plaintiff has included Blair and Hanshaw in his Amended Complaint because of their leadership positions in the West Virginia Legislature.  (*See* ECF No. 5 at 23–24.)  Plaintiff has made no specific allegations against them, other than accusing them of failing to initiate an investigation into allegations Plaintiff made before the West Virginia Legislative Claims Commission.[3]  (*Id.*) Of course, this alleged failure to act cannot form the legal basis of Plaintiff's claims, and he has not asserted any other cause of action that would necessarily invoke the Legislative Claims Commission.

Moreover, it should also be noted that neither Blair nor Hanshaw actually sits on the Legislative Claims Commission, nor do they possess the authority to initiate an investigation.  *See* W. Va. Code § 14-2-4.    Rather, the Legislative Claims Commission consists of three commissioners who are appointed by the President of the Senate and the Speaker of the House of Delegates.  *Id.*   Furthermore, the Legislative Claims Commission is not required to investigate a claim, but rather has the authority to "strike a pleading . . . which: (1) Is not well-grounded in fact; (2) is not warranted by existing law, . . . ; or (3) is interposed for any improper purpose[.]"  W. Va. Code § 14-2-15.   While Plaintiff's Amended Complaint is not entirely clear on the current status of his alleged complaint before the Commission, it is obvious on the face of the statute that the Commission is not obligated to investigate unwarranted claims or those outside its jurisdiction.[4]

---

[3] Plaintiff provides no other information regarding this claim in his Amended Complaint.  Plaintiff only alleges that he "filed a complaint with the Claims Commission that articulated infractions by entities governed by the State of West Virginia."  (ECF No. 5 at 24.)   A search of the Legislative Claims Commission's archives reveals no decisions involving Plaintiff.

[4] In another of Plaintiff's objections, it seems that he inadvertently admits that the Legislative Claims Commission did not possess jurisdiction over the claim he submitted.  (*See* ECF No. 67 at 6 ("Docket entry 51 (Exhibit A) shows insurance statements which were provided by the WV Claims Commission when they explained that they could not pay compensatory damages and that those claims would have to be litigated in the State or Federal Court.").)   Indeed,

Based on the foregoing, Plaintiff has failed to allege specific facts that would support any of his causes of action asserted against Blair and Hanshaw.[5]

A court may dismiss a complaint *sua sponte* without prior notice under Rule 12(b)(6) only when it is "patently obvious the plaintiff could not prevail based on the facts alleged in the complaint." *Smith v. Boyd,* 945 F.2d 1041, 1043 (8th Cir. 1991).  *See also McKinney v. State of Okl., Dept. of Human Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991); *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980); *Johnson v. Baskerville*, 568 F.Supp. 853, 856 (E.D. Va. 1983) (noting the court's "inherent power" to dismiss a complaint *sua sponte*).  It is apparent here, based on the allegations against Blair and Hanshaw, that no set of facts could be alleged to support a cause of action against them, rendering further amendment of the complaint futile.  *See McKinney*, 925 F.2d at 363 (affirming *sua sponte* dismissal when amendment of complaint would be futile).

Therefore, for the foregoing reasons, the Court **FINDS** that Plaintiff has failed to state a claim upon which relief can be granted against Defendants Blair and Hanshaw.  Thus, the Court **MODIFIES** the PF&R's findings as explained above and **ADOPTS** the recommendation of dismissal.  Plaintiff's claims against Blair and Hanshaw are hereby **DISMISSED**.

---

W. Va. Code § 14-2-14 excludes from the Commission's jurisdiction any claim "[w]ith respect to which a proceeding may be maintained against the state, by or on behalf of the claimant in the courts of the state."

[5] The Court is also unconvinced of Plaintiff's arguments that Blair and Hanshaw are "indispensable parties" pursuant to Federal Rule of Civil Procedure 19.  Plaintiff maintains that their participation is "necessary" as they "will provide access to necessary items of discovery[.]"   (ECF No. 67 at 2.)   As this Court has previously held, a plaintiff "does not get to avail [him]self to discovery without providing more than conclusory allegations."  *Westfall v. Osborne*, Civ. Action No. 2:20-cv-00118, 2020 WL 6276145, at *6.   *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

2.  *Statute of Limitations – Dr. Choby*

Next, Plaintiff objects to the PF&R's conclusion that his claims against Defendant Choby are time-barred.   (ECF no. 67 at 2.)   Plaintiff asserts that "[i]t is a violation of Federal Law [*sic*] that this medical record was not retained for the required 20 years."   (*Id.*)   He also confusingly asserts that WVU Medicine and "their litigators[']" involvement in this "oversight of the missing records" makes them "indispensable parties" pursuant to Rule 19 of the Federal Rules of Civil Procedure.   (*Id.*)   Plaintiff finally believes he is entitled to a tolling of the statute of limitations, relying on *Gabelli v. S.E.C.*, 568 U.S. 442 (2013).   (*Id.* at 3.)

First, it should be noted that in *Gabelli*, the Supreme Court of the United States held that the discovery rule did not apply to enforcement actions brought against investment advisors by the Securities and Exchange Commission ("SEC"), such that the five-year statute of limitations for those actions begins to run when the alleged fraud occurred, not when it was discovered.   *Gabelli*, 568 U.S. at 448.   This is of little help to Plaintiff, as he seems to be arguing that the discovery rule should apply to him, as he argues that the "conclusion of the events may be considered with reference to the statute of limitations issue, rather than only considering when the events began." (ECF No. 67 at 3.)

As noted in the PF&R, it is unclear what the exact legal basis is for Plaintiff's claims against Choby.   However, even if the Court assumes that each claim is asserted against Choby, all are time-barred.   The factual underpinning of Plaintiff's claim appears to be Choby's determination that Plaintiff was not competent to stand trial sometime in mid-June 2011.   (ECF No. 5 at 62–68.)   Of his claims, the Racketeer Influenced and Corrupt Organizations Act ("RICO") action has the longest statute of limitation at four years, beginning on the date the

plaintiff "discovered, or should have discovered, the injury." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015) (quoting *Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001)). Thus, Plaintiff is already entitled to the "discovery rule" as to the running of the statute of limitations, as the clock only begins to run when he either discovered or should have discovered his injury. It seems illogical that Plaintiff "discovered" that the competency determination was injurious only after he could not obtain a recording of the initial interview nearly a decade later in 2019. Even taking the PF&R's assumption that the statute of limitations could be tolled until May 27, 2014, the date Plaintiff completed his hospitalization, he would still be nearly three years out of time in filing these claims.

Furthermore, it would seem that Plaintiff is confusing his own arguments. In his response to Choby's Motion to Dismiss, Plaintiff asserts that the "fact of the missing auditory [*sic*] tapes was a breach of the medical retention requirements," which the Court assumes is a reference to the "Federal Law" regarding records retention noted earlier, and that the "discovery that the tapes were missing was only discovered recently when knotts [*sic*] tried to acquire a copy of the tape[.]" It is upon this assertion that Plaintiff appears to base his equitable tolling argument. The problem, however, is not only has Plaintiff failed to identify which law Choby allegedly violated—not to mention that he has failed to allege *how* Choby violated this law—but he has not brought a cause of action pursuant to that law. Instead, Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights, (ECF No. 5 at 2), along with various allegations of healthcare fraud, RICO violations, and Americans with Disabilities Act violations. (*See generally* ECF No. 5.) While Plaintiff is entitled to a liberal construction of his pleadings, a district court "may not rewrite a complaint to

10

include claims that were never presented, . . ., construct the plaintiff's legal arguments for him, . . . or 'conjure up questions never squarely presented' to the court[.]"   *Rhodes v. United States*, Civ. Action No. 5:19cv335, 2020 WL 2477947, at *2 (N.D. W. Va. Apr. 16, 2020) *Report & Recommendation adopted by* 2020 WL 2475806 (N.D. W. Va. May, 13 2020) (internal citations omitted).

Therefore, for the foregoing reasons, the Court **ADOPTS** the findings and recommendations of the PF&R as to Defendant Choby.   Plaintiff's objections are **OVERRULED**, Choby's motion to dismiss, (ECF No. 16), is **GRANTED**, and the claims against Choby are hereby **DISMISSED**.

### 3.   *Fairmont Federal Credit Union*

Plaintiff next objects to the PF&R's recommendation of dismissal for FFCU.   Plaintiff repeats that this Defendant is also an "indispensable party" to his RICO case.   (ECF No. 67 at 4.) Plaintiff also states that he "included an exhibit B (document 56) that included the documentation that comprised the claims of the bank against the Plaintiff."   (*Id.*)   Plaintiff also seems to assert that the bank's statements alluded to include both a handwritten and typed statement, and that neither of these "included statements about bombs or blowing up the bank or cars[.]"   (*Id.*) Plaintiff maintains that because these "documents" are included in another case, the Court should consider them here to deny the motion to dismiss.   (*Id.* at 4–5.)

Plaintiff's objection is, in a word, nonsensical.   To begin, the PF&R recommended the dismissal of FFCU because the Amended Complaint is "devoid of allegations about [its] conduct and how it constitutes a violation of the various causes of action Plaintiff purports to bring." (ECF No. 52 at 6.)   There is no mention of FFCU in the Amended Complaint, save for the caption.

(ECF No. 5.)   Moreover, the documents referenced by Plaintiff similarly contain no reference of FFCU.[6]   Plaintiff has simply failed to allege any facts to state a claim against FFCU upon which relief could be granted.[7]

Therefore, for the foregoing reasons, the Court **ADOPTS** the findings and recommendations of the PF&R as to Defendant FFCU.   Plaintiff's objections are **OVERRULED**, FFCU's motion to dismiss, (ECF No. 33), is **GRANTED**, and the claims against FFCU are hereby **DISMISSED**.

### 4.  *Former Supreme Court Justice Evan Jenkins*

Plaintiff next argues that the PF&R is incorrect in its recommendation that now-former Supreme Court Justice Evan Jenkins[8] is entitled to judicial immunity because "he does not follow the constitution."   (ECF No. 67 at 5.)   Plaintiff, for the first time, asserts that Jenkins "violated the Freedom to work Act," but neglects to explain how this violation occurred.   (*Id.*)   Plaintiff apparently takes issue with the "final order" in his appeal as it has apparently prevented Plaintiff from obtaining a "TWIC card."   (*Id.*)

---

[6] Regarding Plaintiff's exhibits, there are only two possibilities as to what he may be referencing as "exhibit B (document 56)."   First, there is no "Exhibit B."   Instead, Plaintiff has attached a page which he has titled "Exhibits," and then further attached approximately 80 pages of documents in no discernible order.   (*See* ECF No. 5 at 26–106.) Many of these documents also include handwritten notes, arguments, and various musings, presumably Plaintiff's. (*See id.*)   However, "Document 56" is either the actual page 56 which contains what appears to be a copy of charges due on an account at Sharpe Hospital, or what Plaintiff has apparently labeled "56a," which appears to be the back page of a list of instructions for criminal disqualifications, presumably for some federal benefits.   (*Compare* ECF No. 5 at 56 *with* ECF No. 5 at 82.)

[7] Here again the Court notes that self-designating a party as "indispensable" is not a magic key to unlock the door of discovery.   *See Iqbal*, 556 U.S. at 678.   As described above, Plaintiff has failed to even make mention of FFCU in his Amended Complaint, let alone plead sufficient factual allegations to support a cause of action against it.

[8] Jenkins announced his resignation from the West Virginia Supreme Court of Appeals, effective February 7, 2022. Brad McElhinny, *Supreme Court Justice Evan Jenkins announces he's stepping down*, METRONEWS (Feb. 4, 2022, 3:19 PM) https://wvmetronews.com/2022/02/04/supreme-court-justice-evan-jenkins-announces-hes-stepping-down/.

To begin, Plaintiff's Amended Complaint makes rather vague and barely discernible allegations against Jenkins.   For example, Plaintiff alleges the following:

> the felony 11-F-33 has never come to an end that's more of the corrupt judicial system issue that the chief justice can explain about 19-0304 in his response as to why due process of law is not respected in WV supreme court justice is involved in this racketeering business but WVU meds started the entire problem by violating my rights to a fair trial by jury and ten years later WV supreme court violates my rights to fair trial by jury therefore they need to pay me all my back pay.

(ECF No. 5 at 9, ¶ 12 (errors in original).)   There are no further allegations against Jenkins within the Amended Complaint.   It would seem that Plaintiff's only reason for including Jenkins in this lawsuit is the Supreme Court of Appeals' issuance of an unfavorable decision to Plaintiff.   This allegation is hardly sufficient to state a claim upon which relief could be granted, but even if Plaintiff had alleged more, it would have been to no avail.

A judicial officer is entitled to absolute immunity from suit for judicial acts performed within his jurisdiction.   *King v. Myers*, 973 F.2d 354, 356–57 (4th Cir. 1992).   "[T]he common law has long recognized the 'immunity of judges from liability for damages for acts committed within their judicial jurisdiction,' even if such acts were allegedly done either maliciously or corruptly."   *Id.* at 356 (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).   "Where state supreme court justices hear an appeal from a lower court's . . . decision, they are performing a 'traditional adjudicative task'" within their jurisdiction.   *Rodriguez v. Doe*, 549 Fed. Appx. 141, 145 (4th Cir. 2013) (per curiam).   Here, Jenkins, a former West Virginia Supreme Court Justice, heard an appeal from a lower court's decision and was thus performing a traditional adjudicative task within the Supreme Court's jurisdiction.   As such, he is entitled to absolute judicial immunity, and Plaintiff's objection is **OVERRULED**.

13

For the foregoing reasons, the Court **ADOPTS** the PF&R, **GRANTS** Jenkins's motion to dismiss, (ECF No. 29), and the claims against him are hereby **DISMISSED**.

     5.  *Attorney General Patrick Morrisey*

Plaintiff seemingly advances two objections to the PF&R's recommended dismissal of Morrisey.   First, Plaintiff argues that the appeal referenced above, Appeal Number 19-0304, was "defended by the attorney general's office staff," which in Plaintiff's mind represents "an example of the lack of supervision of employees by the Attorney General."   (ECF No. 67 at 5.)   Plaintiff asserts that in his appeal statement to the Supreme Court of Appeals, he "explained that the appeal was necessary to resolve the conclusion of the case so that he could continue to seek employment in his field which was Merchant Marine."   (*Id.*)   Plaintiff argues that "[t]hese facts were completely overlooked by the Attorney General's office[.]"   (*Id.*)

Plaintiff's second objection is that "the actors in [Morrisey's] department participated actively in the actions described in the complaint."   (*Id.* at 6.)   Plaintiff asserts that "Docket entry 51 (Exhibit A) shows insurance statements which were provided by the WV Claims Commission when they explained that they could not pay compensatory damages and that those claims would have to be litigated in the State or Federal Court."   (*Id.*)   Plaintiff claims that these statements originated from Morrisey's office and that the Court should take judicial notice of that fact.   (*Id.*)

Again, Plaintiff's Amended Complaint hardly references Morrisey, naming him in only three locations throughout the complaint.   Only one of those allegations sets forth any conduct on his part, namely Morrisey informing Plaintiff that his claims could not proceed through the Legislative Claims Commission and would instead need to be litigated before a court.   (*See* ECF No. 5 at 22 ("WV AG forged AIG ins [*sic*] papers he said I have to go to federal court.").)   As

14

evidenced above, this was pursuant to the Legislative Claims Commission's jurisdiction, as it does not possess the authority to hear Plaintiff's complaint pursuant to statute.   (*See supra* at 7, n.4.) *See also* W. Va. Code § 14-2-14.   In fact, Plaintiff's Exhibit A, located on the docket at ECF No. 51, confirms this fact: While the claims Plaintiff asserted are in fact covered by the State's insurance policy, the Legislative Claims Commission lacked the jurisdiction to hear those claims. (ECF No. 51 at 2, 5.)

As to Plaintiff's consternation with the decision of the Supreme Court of Appeals, his objection apparently misunderstands its holding and the Attorney General's role in those proceedings.   The Attorney General of the State of West Virginia "serve[s] as the chief legal officer for the State of West Virginia.   The Attorney General Speaks [*sic*] for the legal interests of the State."      *About*, OFFICE OF THE WV ATTORNEY GENERAL, https://ago.wv.gov/about/Pages/default.aspx (last visited Feb. 16, 2022).   Plaintiff appealed an order of the Circuit Court of Marion County which denied his petition for a writ of error coram nobis.   *Knotts v. State*, No. 19-0304, 2020 WL 2911855 (W. Va. June 3, 2020) (unpublished). Naturally, the Attorney General's Office represented the State of West Virginia as the respondent in Plaintiff's appeal.   Far from a lack of supervision, the Attorney General's Office was fulfilling its constitutionally mandated duty to represent the legal interests of the State in Plaintiff's appeal. *See* W. Va. Code § 5-3-2 ("The Attorney General shall appear as counsel for the state in all causes pending in the Supreme Court of Appeals, or in any federal court, in which the state is interested[.]")   Notably, the denial of Plaintiff's petition was solely for one reason: There was no "conviction" in Plaintiff's criminal matter as he was found not competent to stand trial and never regained competency while the court maintained jurisdiction pursuant to W. Va. Code §

27-6A-3(h).  *See Knotts*, 2020 WL 2911855, at *2.  Because there was no conviction, the writ

would not issue.  *Id.*

Plaintiff has simply failed to sufficiently plead a claim upon which relief can be granted.

Therefore, for the foregoing reasons, Plaintiff's objections are **OVERRULED**, the PF&R is

**ADOPTED**, Morrisey's motion to dismiss, (ECF No. 21), is **GRANTED**, and the claims against

Morrisey are hereby **DISMISSED**.

### 6.  *Ryan, Snyder, Justice, DHHR, and Sharpe Hospital*

Plaintiff's final objection states that "Ryan, Snyder, Dr. Justice and the other DHHR and

Sharpe Hospital participants are firmly entrenched in the actions of this controversy."  (ECF No.

67 at 6.)  Plaintiff again asserts that these defendants are "indispensable parties" according to the

Rules of Civil Procedure, and that the "discovery they can provide is necessary for the adjudication

of this case on the merits."  (*Id.* at 6.)

First, it is unclear which of the defendants Plaintiff refers to as the "other DHHR and

Sharpe Hospital participants," as there are no fewer than 13 defendants that Plaintiff has failed to

address in these objections.[9]  However, this is of no matter, as Plaintiff has failed to specifically

allege how any of the remaining individuals' conduct resulted in injury to him.  The Amended

Complaint makes absolutely no mention of Marra, Crouch, Lopez, Ryan, Snyder, Justice,

Thornton, Spangler, or Mullins, save for including their name in the caption.  (*See generally* ECF

No. 5.)  And as has been repeated throughout this opinion, the self-designation of a party as

---

[9] Presumably, Plaintiff is referring to Marra, Crouch, Lopez, Marra, Mullins, Spangler, and Thornton, but he has also named "WVU Medicine Litigating Council Members Jane and John Doe 1 to 10" in his Amended Complaint.  This last omission of the WVU Medicine Council Members is notable, as the Court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Because Plaintiff has failed to object to the PF&R's findings as to the WVU Medicine Council Members, the Court **ADOPTS** the findings and recommendations of the PF&R, **GRANTS** the motion to dismiss, (ECF No. 26), and **DISMISSES** Plaintiff's claims against them.

"indispensable," without actually alleging specific factual information that would support a cause of action, is insufficient to gain access to discovery.  *See Iqbal*, 556 U.S. at 678; *Westfall v. Osborne*, Civ. Action No. 2:20-cv-00118, 2020 WL 6276145, at *6.  Even as a *pro se* litigant entitled to a liberal construction, the Court "may not rewrite a complaint to include claims that were never presented, . . ., construct the plaintiff's legal arguments for him, . . . or 'conjure up questions never squarely presented' to the court[.]"  *Rhodes v. United States*, Civ. Action No. 5:19cv335, 2020 WL 2477947, at *2 (N.D. W. Va. Apr. 16, 2020) *Report & Recommendation adopted by* 2020 WL 2475806 (N.D. W. Va. May, 13 2020) (internal citations omitted).  Plaintiff has simply failed to sufficiently plead a claim upon which relief can be granted.

Therefore, for the foregoing reasons, the Court **ADOPTS** the PF&R, **OVERRULES** Plaintiff's objection, and **GRANTS** Justice's motion to dismiss, (ECF No. 9); Crouch, Lopez, Marra, Mullins, Ryan, and Snyder's motion to dismiss, (ECF No. 12); and Spangler and Thornton's motion to dismiss, (ECF No. 29).  Plaintiff's claims against these defendants are hereby **DISMISSED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Change Venue, (ECF No. 58), and his Supplemental Motion/Addamendament [*sic*], (ECF No. 63).   The Court further **ADOPTS IN PART**, **REJECTS IN PART**, and **MODIFIES IN PART** the PF&R.   (ECF No. 52.)   The Court additionally **OVERRULES** Plaintiff's objections to the PF&R, (ECF Nos. 66, 67), and **GRANTS** the various motions to dismiss.   (ECF Nos. 9, 12, 16, 21, 29, 33.)   As a result of these dismissals, Plaintiff's Amended Complaint, (ECF No. 5), is hereby **DISMISSED**.   The Clerk is further **DIRECTED** to remove this action from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 18, 2022

_____

THOMAS E. JOHNSTON, CHIEF JUDGE

18